# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| UPTOWN 240 LLC, ) | Case No. 23-10617 TBM |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

### JOINT LIMITED OBJECTION AND RESERVATION OF RIGHTS BY RMS CONCRETE, INC. AND BARTON MATERIALS, LLC IN RELATION TO AMENDED PLAN OF REORGANIZATION DATED MAY 24, 2023

Creditors RMS Concrete, Inc. ("**RMS**") and Barton Materials, LLC ("**Barton**"; RMS and Barton are, collectively, the "**Creditors**") object on a limited basis to the *Amended Plan of Reorganization Dated May 24, 2023* and the *Amendment to Amended Plan of Reorganization Dated May 24, 2023* (collectively, the "**Plan**") [#212 and #256], filed by debtor Uptown 240 LLC (the "**Debtor**"). The following grounds support this limited Objection and Reservation:

### General Background

1. On February 23, 2023 (the "**Petition Date**"), the Debtor filed its voluntary petition pursuant to chapter 11 of the Bankruptcy Code.

2. Per RMS's proof of claim no. 3 and § 546(b) notice [#33], RMS asserts a secured claim against the Debtor in the amount of $1,187,771.80 as of the Petition Date. This claim is secured by real property located at 240 Lake Dillon Drive, Dillon, Colorado 80435 (the "**Property**"), and relates to RMS's provision of pre-petition concrete-related services and materials.

3. Per Barton's proof of claim no. 29-1, Barton asserts a claim against the Debtor in the amount of $208,525 as of the Petition Date, which claim relates to Barton's provision of pre-petition services and materials to the Property through RMS.

4. On July 25, 2023, the Debtor filed its Plan. The deadline to object to, and vote on, the Plan is today, September 5, 2023 [#261].

5. The Plan, among other things, treats RMS in Class 2c and proposes to pay RMS $775,000 on a secured basis and $100,000 on an unsecured basis. The Plan treats Barton in Class 2d and proposes to pay Barton $208,525.80 on a secured basis.

6. RMS, Barton, and the Debtor recently entered into that certain *Settlement Agreement* (the "**Agreement**") [#286-1], which comprehensively addresses the Creditors' Plan treatment. On August 25, 2023, the Debtor moved to approve the Agreement, and the shortened deadline to object to the motion is September 8, 2023, three days after the Plan objection and voting deadline [#286 (motion to approve), #290 (notice), and #292 (Order shortening notice)].

7. While the Agreement's proposed allowed claim amounts are consistent with the Plan, there are additional Agreement terms that are not in Plan such as requiring the Debtor to pay the allowed secured claims by October 18, 2023, and providing the Creditors with default remedies if such payment is not timely made. Agreement, ¶¶ 3 and 7. Moreover, the Agreement is to have primacy over the Plan and is to be "expressly incorporated in the Plan." *Id.*, ¶ 6. Consistent with this latter point, paragraph 5(a) of the Agreement requires the Agreement to be incorporated by reference in, and attached to, the Plan with the Plan amended to be consistent with the Agreement.

8. To date, the Plan has not been amended to comply with the Agreement.

## Limited Objection

9. The Creditors object to the Plan on a limited basis to the extent that the Plan is not amended consistent with the Agreement, or if the Agreement is not ultimately approved by the Court.

10. First, if not amended, the Plan is inconsistent with the agreed-upon treatment of the

Creditors as set forth in the Agreement and must be amended to be consistent with that to which the Creditors and the Debtor agreed (subject to Court-approval).

11. Second, if not amended consistent with the Agreement, the Plan mistreats the Creditors, violating the Code. RMS and Barton are classified in the Plan in Classes 2c and 2d, lumped with other purported mechanic lienholders. While the allowed Plan claim amounts for the Creditors are consistent with the Agreement, the Debtor provides for alternative treatment of the Creditors (and the rest of Class 2) if the sale or refinance proceeds are inadequate to satisfy their secured debt, stated as follows in the first full paragraph on page 12 of the Plan (PDF page 15):

> In the event the amount of the Secured Claim exceeds the amount of Proceeds remaining, the Holder of the Secured Claim shall have a lien on the Debtor's Receivables if the Debtor proceeds under Scenario 1 [(a refinance)], or shall have a Class 8 general unsecured claim if the Debtor proceeds under Scenario 2 [(a sale)]. Any liens on Receivables shall bear interest at a rate of 7% per annum and shall be paid upon final sale of a unit or receipt of receivables.

The Creditors are thus left to potentially share the remaining proceeds *pari pasu* with other Class 2 creditors without a determination of the validity and relative priority of such secured claims. Moreover, the Plan treatment could prove to be inadequate, resulting in a lien against unit sale proceeds of a project that is far from certain from ever being built[1] or even (arguably) worse an unsecured deficiency claim if the Property sale does not generate adequate funds. Such treatment violates, *inter alia*, 11 U.S.C. §§ 1122 and 1129(b).

12. Third, the Plan is inconsistent with an Order of this Court. On August 18, 2023,

---

[1] The Creditors acknowledge the Debtor's September 1, 2023, *Notice of Selection under Proposed Amended Plan of Reorganization and Notice of Bar Date for Rejection Claims* [#301], whereby the Debtor abandons "Scenario 1" that is the partial refinance and completion of the Property in favor of "Scenario 2," the sale of the Property. Even so, the Plan has yet to be amended to remove Scenario 1; thus, to the extent it remains conceivably possible, the Creditors object to the refinance/completion-related treatment out of an abundance of caution.

the Court approved a settlement among the Debtor, its Official Committee of Unsecured Creditors, JGJP Dillon, LLC and another party [#281]. Paragraph 5 of the Order directly contradicts the above Plan language because it requires that the proceeds from any sale or refinance be adequate to fully satisfy the Creditors:

> Moreover, notwithstanding anything to the contrary in the Settlement Agreement, the Motion, this Order, or any other document filed with the Court (including the Plan, its related disclosure statement (ECF No. 257), and any sale documents such as those filed at ECF No. 268, and any orders on any of the foregoing), the Debtor shall not sell the Property or close on any refinance that will result in net proceeds to the estate that are insufficient to fully satisfy (i) the Settlement Amount; and (ii) in relation to the holders of claims in Classes 2a (Symmetry Builders), 2b (Clay Dean Electric), 2c (RMS Concrete), and 2d (Barton Materials) of the Plan filed at ECF No. 212, (a) the amount of each proof of claim filed by each such holder with the Court, or (b) the amount otherwise allowed by the Court with respect to each such claim at the time of the closing on any sale of the Property or refinance.

The Plan, as currently proposed, does not account for this provision of the Court's order.

## **Reservation of Rights**

13. The Creditors otherwise reserve all objections, rights, claims, and defenses in relation to the Plan as it may be amended and supplemented from time to time, including the right to supplement this limited Objection. Unless and until the Plan is amended consistent with the Agreement, and subject to any additional amendments that may adversely affect the Creditors, the Creditors do not support the Plan.

14. The Creditors adopt and join objections filed by other parties that are consistent herewith.

WHEREFORE, the Creditors respectfully request the Court consider this limited Objection and sustain it; and for such other and further relief that the Court deems appropriate.

Dated: September 5, 2023.                    Respectfully submitted,

| LAW OFFICES OF KEVIN S. NEIMAN, PC | DAVIS GRAHAM & STUBBS LLP |
|---|---|
| /s/ *Kevin S. Neiman* <br> Kevin S. Neiman, #36560 <br> 999 18th Street, Suite 1230 S <br> Denver, CO  80202 <br> Tel:        303.996.8637 <br> Fax:       877.611.6839 <br> E-mail:   kevin@ksnpc.com <br><br> *Counsel for RMS Concrete, Inc.* | /s/ *Kyler K. Burgi* <br> Kyler K. Burgi, #46479 <br> 1550 17th Street, Suite 500 <br> Denver, CO  80202 <br> Tel:        303.892.9400 <br> Fax:       303.893.1379 <br> E-mail:   kyler.burgi@dgslaw.com <br><br> *Counsel for Barton Materials, LLC* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2023, I caused, via regular U.S. mail, postage prepaid, a true and correct copy of the foregoing to be served on all the following parties and counsel pursuant to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, which and who are set forth as follows:

Uptown 240 LLC  
600 17th Street  
Suite 2800 South  
Denver, CO 80202-5428

I HEREBY FURTHER CERTIFY that on September 5, 2023, I caused, via e-mail through CM/ECF, a true and correct copy of the foregoing to be served on all the following parties and counsel pursuant to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, which and who are set forth as follows:

- **Patrick R. Akers**   patrick.akers@moyewhite.com, rachael.cotner@moyewhite.com;caryl.septon@moyewhite.com;kim.shanley@moyewhite.com
- **William Arant**   will@arantlawfirm.com, Emily@arantlawfirm.com
- **Britney Beall-Eder**   britney@frascona.com
- **Douglas W Brown**   dbrown@bbdfirm.com, jkreh@bdwf-firm.com
- **Kelsey Jamie Buechler**   jamie@kjblawoffice.com, Sharon@kjblawoffice.com

- **Chad S. Caby** ccaby@lewisroca.com, chadwick-caby-5693@ecf.pacerpro.com,jeastin@lewisroca.com
- **J. Brian Fletcher** jbfletcher@OFJlaw.com, jbfletcher@ecf.courtdrive.com;bmoss@ecf.courtdrive.com
- **Lars H. Fuller** larsfuller@yahoo.com
- **Aaron A Garber** agarber@wgwc-law.com, ngarber@wgwc-law.com;8931566420@filings.docketbird.com
- **Javier Heres** jheres@joneskeller.com
- **Andrew D. Johnson** ajohnson@OFJlaw.com, ajohnson@ecf.courtdrive.com;bmoss@ecf.courtdrive.com
- **Kyle Kreischer** kylekreischer@colo-law.com, alisonschneider@colo-law.com
- **Michael Lamb** mcl@kjblawoffice.com, Gabriel@kjblawoffice.com
- **Robert Lantz** rlantz@clmatty.com
- **Bolor Nyamaa** bnyamaa@hallboothsmith.com, rkent@hallboothsmith.com;vloyd@hallboothsmith.com
- **Gabrielle Palmer** gpalmer@ofjlaw.com, gpalmer@ecf.courtdrive.com;bmoss@ecf.courtdrive.com;bcomstock@ecf.courtdrive.com
- **David M. Rich** dmrich@comcast.net, sharon@kjblawoffice.com
- **Keri L. Riley** klr@kutnerlaw.com, vlm@kutnerlaw.com
- **Benjamin Sales** benjamin.a.sales@usdoj.gov
- **Bradley Shefrin** bshefrin@hallboothsmith.com, rkent@hallboothsmith.com;vloyd@hallboothsmith.com
- **Matthew D. Skeen** jrskeen@skeen-skeen.com
- **US Trustee** USTPRegion19.DV.ECF@usdoj.gov
- **Paul G. Urtz** paulurtz@millerurtz.com
- **Nicole A Westbrook** nwestbrook@joneskeller.com
- **Barry L. Wilkie** bwilkie@joneskeller.com, rmesch@joneskeller.com
- **Dan Witte** danwitte@sbcglobal.net

                                          */s/ Kevin S. Neiman*
                                          Kevin S. Neiman