## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| UPTOWN 240 LLC, | ) | Case No. 23-10617 TBM |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

## JOINT LIMITED OBJECTION AND RESERVATION OF RIGHTS BY RMS CONCRETE, INC. AND BARTON MATERIALS, LLC TO MOTION TO SELL

Creditors RMS Concrete, Inc. ("**RMS**") and Barton Materials, LLC ("**Barton**"; RMS and Barton are, collectively, the "**Creditors**") object on a limited basis to the *Motion for Entry of Order: 1) Approving Contract of Sale By and Between Debtor and JGJP Dillon, LLC; 2) Authorizing Sale of Assets Free and Clear of Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), (f), and (m); 3) Authorizing Payment Of Certain Items at Closing; and 4) Granting Related Relief* (the "**Sale Motion**") [#367], filed by debtor Uptown 240 LLC (the "**Debtor**").  The following grounds support this limited Objection and Reservation:

### General Background

1.      On February 23, 2023 (the "**Petition Date**"), the Debtor filed its voluntary petition pursuant to chapter 11 of the Bankruptcy Code.

2.      Per RMS's proof of claim no. 3 and § 546(b) notice [#33], RMS asserts a secured claim against the Debtor in the amount of $1,187,771.80 as of the Petition Date.  This claim is secured by real property located at 240 Lake Dillon Drive, Dillon, Colorado 80435 (the "**Property**"), and relates to RMS's provision of pre-petition concrete-related services and materials.

3.      Per Barton's proof of claim no. 29-1, Barton asserts a claim against the Debtor in

the amount of $208,525 as of the Petition Date, which claim relates to Barton's provision of pre-petition services and materials to the Property through RMS.

4.      RMS, Barton, and the Debtor entered into that certain *Settlement Agreement* (the "**Creditors' Agreement**") [#286-1], which comprehensively addresses the Creditors' claim treatment.  For example, RMS was allowed a secured claim in relation to the Property in the amount of $983,525 (called the "Allowed RMS Secured Claim") of which Barton is to receive $208,525.  Creditors' Agreement, ¶¶ 2 and 4.  The RMS Secured Claim was to be paid to RMS by October 18, 2023, *id.*, ¶ 3(a), but was not.  On August 25, 2023, the Debtor moved to approve the Creditors' Agreement [#286], which motion the Court granted on September 12, 2023 [#316].

5.      JPJG Dillon, LLP ("**JGJP**") has its own agreement approved by the Court [#204-1].  The Debtor moved to approve that agreement on July 20, 2023 [#204], which the Court granted on August 18, 2023 [#281].  Relevant to this limited objection is heavily negotiated paragraph 5 of that Order that requires the Debtor to not sell the Property unless the net proceeds are adequate to pay RMS and Barton the amounts of their proofs of claim or such other amount allowed by the Court.  Similar language protecting the Creditors is in paragraph 9(A) of the bid procedures that the Court approved on August 21, 2023 [##268-1 (bid procedures); 284 (Order approving procedures)]:

A. If the Settlement Agreement between JGJP and the Debtor is approved by the Bankruptcy Court and JGJP elects to submit a credit bid, JGJP's bid amount shall include a cash payment that is sufficient to fully pay creditors that are parties to the Summit County Mechanic's Lien Litigation that have filed proofs of claim in this bankruptcy case, including but not limited to RMS Concrete, Inc. ("Mechanics Lien Claimants"); the amount for each such creditor shall be the amount stated in its proof of claim as owing as of the Petition Date, or such lesser amount as may have been determined by the Bankruptcy Court before the bid deadline or that the creditor has agreed in writing to accept in satisfaction of the secured portion of its claim, whether such agreement is pending further order of the Bankruptcy Court or already approved. JGJP's bid shall include the $250,000 deposit required to be Qualified Bid under Section 6.A of these Bid Procedures, with the balance of JGJP's cash payment to paid at the time of closing if JGJP is the highest bidder. If JGJP is not the Highest Bidder or Backup Bidder, then the deposit shall be immediately returned to JGJP.

6. On November 17, 2023, the Debtor filed the Sale Motion, seeking Court-approval to sell the Property to JGJP for $12,750,000. Of the total purchase price, JGJP is credit bidding $9,200,000 and paying $3,550,000 cash. Sale Motion, ¶ 21.

7. In connection with the sale efforts, the Debtor has advised the Creditors that the proposed sale proceeds are inadequate to pay in full the $983,525 Allowed RMS Secured Claim as well as Barton's $208,525 portion of that amount. As such, the Debtor requested from the Creditors what is ultimately a $250,000 reduction of the Allowed RMS Secured Claim to $733,525 (the "**Compromised Amount**").

8. The Sale Motion and the proposed Sale Order (the "**Sale Order**") [#367-2] contemplate that the Debtor would pay RMS the reduced amount of $733,525. Sale Motion, ¶ 46; Sale Order, ¶ 5. The Creditors are willing to further compromise their claims to the requested $733,525, subject to (i) a fully executed amendment to the Creditors' Agreement and Court-approval of same; and (ii) a requirement memorialized in the Sale Order that RMS be paid the

Compromised Amount of the claim at closing.  The Creditors have circulated such a proposed amendment to the Debtor.

## **Limited Objection**

9.      The Creditors object to the Sale Motion on a limited basis for a few reasons, though generally support the sale of the Property to JGJP.

10.      First, unless and until the Creditors' Agreement is amended and approved by this Court, RMS is not among the lienholders that has consented to the sale notwithstanding the Debtor's statements in the Sale Motion in paragraph 37 and footnote 2.  As a result, 11 U.S.C. § 363(f)(2) is not at this time satisfied.  Likewise, the sale, as it currently stands, would violate the Order approving the JGJP settlement and the Court-approved bid procedures.  Although the Creditors have agreed in concept to further compromise their claims to the amount stated in the Sale Motion and Sale Order, such agreement is contingent on an appropriate Court-approved amendment to the Creditors' Agreement.[1]

11.      Similarly, there has been no determination that JGJP's lien on the Property is senior to the Creditors.  The Court should not, and cannot, adjudicate lien priority, directly or indirectly, in the context of approving the sale absent Creditors' advance consent.  *See* Fed. R. Bankr. P. 7001(2) (requiring that lien priority determination is an adversary proceeding).  To be clear, however, Creditors are willing to provide such consent, subject to the Court's approval of an

---

[1]      Footnote 2 states, among other things, that: "[t]he Debtor believes that these parties will consent to the sale and payment of the amounts contained herein, and the failure of such parties to object to the Debtor's sale motion shall constitute acceptance and agreement to the sale on the terms contained herein."  In light of this alleged implied consent, despite the parties likely negotiating, executing, and obtaining Court-approval of an amendment to the Creditors' Agreement, Creditors are nonetheless compelled to file this limited objection at least out of an abundance of caution.

amendment to the Creditors' Agreement. Provided they are paid at closing the Compromised Amount, Creditors have zero interest in otherwise impeding this sale whatsoever.

12.     Second, paragraph 46 of the Sale Motion and paragraph 5 of the Sale Order state, respectively, that the Debtor requests "authorization" and "is authorized to pay" certain amounts to creditors. This is contrary to the terms of the Creditors' Agreement that states in paragraph 3(a) that the Debtor "shall pay or cause to be paid" the money. The Sale Order must both authorize *and direct* payment to RMS.

13.     Third, the Creditors' Agreement grants the Creditors certain default rights, including if the settlement payment is not timely made. The Debtor has been in default of the Creditors' Agreement since October 19, 2023, the day after which the Creditors were to be paid. While the Creditors have not exercised their rights, endeavoring to continue to reasonably work with the Debtor, the Committee, and JGJP, they fully reserve such rights, claims, and defenses, and waive none.

## **Reservation of Rights**

14.     The Creditors otherwise reserve all objections, rights, claims, and defenses in relation to the Sale Motion, as it may be amended and supplemented from time to time, including the right to supplement this limited Objection.

15.     The Creditors adopt and join objections filed by other parties that are consistent herewith.

WHEREFORE, the Creditors respectfully request the Court consider this limited Objection and sustain it; and for such other and further relief that the Court deems appropriate.

Dated: December 5, 2023.                          Respectfully submitted,

LAW OFFICES OF KEVIN S. NEIMAN, PC          DAVIS GRAHAM & STUBBS LLP

/s/ Kevin S. Neiman                          /s/ Kyler K. Burgi
Kevin S. Neiman, #36560                      Kyler K. Burgi, #46479
999 18th Street, Suite 1230 S                1550 17th Street, Suite 500
Denver, CO  80202                            Denver, CO  80202
Tel:         303.996.8637                     Tel:         303.892.9400
Fax:         877.611.6839                     Fax:         303.893.1379
E-mail:      kevin@ksnpc.com                  E-mail:      kyler.burgi@dgslaw.com

*Counsel for RMS Concrete, Inc.*              *Counsel for Barton Materials, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2023, I caused, via regular U.S. mail, postage prepaid, a true and correct copy of the foregoing to be served on all the following parties and counsel pursuant to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, which and who are set forth as follows:

Uptown 240 LLC
600 17th Street
Suite 2800 South
Denver, CO 80202-5428

I HEREBY FURTHER CERTIFY that on December 5, 2023, I caused, via e-mail through CM/ECF, a true and correct copy of the foregoing to be served on all the following parties and counsel pursuant to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, which and who are set forth as follows:

- **Patrick R. Akers**    patrick.akers@moyewhite.com, rachael.cotner@moyewhite.com;caryl.septon@moyewhite.com;elisabeth.mason@moyewhite.com;kim.shanley@moyewhite.com
- **William Arant**    will@arantlawfirm.com, Emily@arantlawfirm.com

- **Britney Beall-Eder**    britney@frascona.com
- **Douglas W Brown**    dbrown@bbdfirm.com, jkreh@bdwf-firm.com
- **Kelsey Jamie Buechler**    jamie@kjblawoffice.com, Sharon@kjblawoffice.com
- **Chad S. Caby**    ccaby@lewisroca.com, chadwick-caby-5693@ecf.pacerpro.com,jeastin@lewisroca.com
- **J. Brian Fletcher**    jbfletcher@OFJlaw.com, jbfletcher@ecf.courtdrive.com;bmoss@ecf.courtdrive.com
- **Lars H. Fuller**    larsfuller@yahoo.com
- **Aaron A Garber**    agarber@wgwc-law.com, ngarber@wgwc-law.com;8931566420@filings.docketbird.com
- **Javier Heres**    jheres@joneskeller.com
- **Andrew D. Johnson**    ajohnson@OFJlaw.com, ajohnson@ecf.courtdrive.com;bmoss@ecf.courtdrive.com
- **Kyle Kreischer**    kylekreischer@colo-law.com, alisonschneider@colo-law.com
- **Michael Lamb**    mcl@kjblawoffice.com, Gabriel@kjblawoffice.com
- **Robert Lantz**    rlantz@lantzlawgroup.com
- **Steven T Mulligan**    smulligan@cp2law.com, smulligan_66544@ecf.courtdrive.com;agarcia_523@ecf.courtdrive.com
- **Bolor Nyamaa**    bnyamaa@hallboothsmith.com, rkent@hallboothsmith.com;vloyd@hallboothsmith.com
- **Gabrielle Palmer**    gpalmer@ofjlaw.com, gpalmer@ecf.courtdrive.com;bmoss@ecf.courtdrive.com;bcomstock@ecf.courtdrive.com
- **David M. Rich**    dmrich@comcast.net, sharon@kjblawoffice.com
- **Keri L. Riley**    klr@kutnerlaw.com, vlm@kutnerlaw.com
- **Benjamin Sales**    benjamin.a.sales@usdoj.gov
- **Bradley Shefrin**    bshefrin@hallboothsmith.com, hhiatt@hallboothsmith.com;vloyd@hallboothsmith.com
- **Matthew D. Skeen**    jrskeen@skeen-skeen.com
- **Andrew M. Toft**    atoft@hn-colaw.com
- **US Trustee**    USTPRegion19.DV.ECF@usdoj.gov
- **Paul G. Urtz**    paulurtz@millerurtz.com
- **Nicole A Westbrook**    nwestbrook@joneskeller.com
- **Barry L. Wilkie**    bwilkie@joneskeller.com, rmesch@joneskeller.com
- **Dan Witte**    danwitte@sbcglobal.net

*/s/ Kevin S. Neiman*
Kevin S. Neiman