UNITED STATES BANKRUPTCY COURT<br>
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | Case No. 23-10617-TBM |
| UPTOWN 240 LLC ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**ORDER GRANTING MOTION FOR ENTRY OF ORDER: 1) APPROVING CONTRACT OF SALE BY AND BETWEEN DEBTOR AND JGJP DILLON, LLC; 2) AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b), (f), AND (m); 3) AUTHORIZING PAYMENT OF CERTAIN ITEMS AT CLOSING; AND 4) GRANTING RELATED RELIEF**

THIS MATTER comes before the Court on the "Debtor's Motion for Entry of Order: 1) Approving Contract of Sale By and Between Debtor and JGJP Dillon, LLC; and 2) Authorizing Sale of Assets Free and Clear of Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b), (f) and (m); 3) Authorizing Payment of Certain Items at Closing; and 4) Granting Related Relief" (Docket No. 367, the "Sale Motion"), seeking authorization to sell substantially all of the Debtor's assets free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. §§ 363(b) and 363(f) to JGJP Dillon, LLC ("Buyer"). In connection with the Sale Motion, the Debtor sought Court approval of the "Contract of Sale Between Uptown 240, LLC, as Seller, and JGJP Dillon, LLC, as Buyer" (the "Sale Contract") providing for the sale of substantially all of the Debtor's assets, as set forth in the Sale Contract ("Purchased Assets").

Pursuant to the Sale Motion, the Debtor requests that the Court to enter an Order:

    i. Approving the Debtor's entry into and performance under the Sale Contract;

    ii. Approving the sale of the Purchased Assets to Buyer pursuant to 11 U.S.C. § 363(b);

    iii. Finding that Buyer is a buyer in good faith pursuant to 11 U.S.C. § 363(m);

    iv. Authorizing such sale free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f);

    v. Authorizing Debtor to pay secured creditors and customary closing costs at closing on the sale;

1

  vi. Authorizing the Debtor to apply Buyer's credit bid in the amount of $9,200,000 pursuant to 11 U.S.C. § 363(k);

  vii. Waiving the 14-day stay that would otherwise apply to this Order pursuant to Fed. R. Bankr. P. 6004(h); and

  viii. Granting such additional relief as the Court deems just and proper.

The Court has considered the Sale Motion, and based upon the Motion and the evidence presented in support of the Sale Motion,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

 A. The Court has jurisdiction to hear and determine the Sale Motion and to grant the relief requested in the Sale Motion pursuant to 28 U.S.C. §§ 157(a) and 1334;

 B. Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O);

 C. The statutory predicates for the relief requested in the Sale Motion are 11 U.S.C. § 363 and Fed. R. Bankr. P. 6004;

 D. As set forth in the Certificate of Service filed with this Court in connection with the Sale Motion, notice of the hearing on the approval of the Sale Motion was duly served on all parties entitled to notice, including each entity known to the Debtor to assert a lien, claim, encumbrance, leasehold, or other interest in or against the Purchased Assets, which notice constitutes good and sufficient notice of the Sale Motion and the Sale Hearing, such that no other or further notice of the Sale Motion or the Sale Hearing or the entry of this Sale Order need be given;

 E. The legal and factual bases set forth in the Sale Motion and the record in this case establish a sufficient basis and a reasonable business purpose and judgment for the Debtor to enter into the Sale Contract and to sell the Purchased Assets to the Buyer, such actions are appropriate exercises of the Debtor's business judgment and in the best interests of the Debtor, its creditors and the Debtor's estate;

 F. The offer of the Buyer, upon the terms and conditions set forth in the Sale Contract, including the form and total consideration to be realized by the Debtor pursuant to the Sale Contract, (i) is fair and reasonable; (ii) is in the best interests of the Debtor's creditors and estate; (iii) constitutes full and adequate consideration and reasonably equivalent value for the Purchased Assets; and (iv) will provide a greater recovery for the Debtor's creditors and other interested parties than would be provided by any other practically available alternative;

G. The Buyer is unrelated to the Debtor, and the Sale Contract was negotiated and has been undertaken by the Debtor and the Buyer at arm's length without collusion or fraud, and in good faith within the meaning of Bankruptcy Code section 363(m), and, as a result of the foregoing, the Debtor's estate and the Buyer are entitled to the protections of Bankruptcy Code section 363(m);

H. With respect to each entity asserting a lien, lease, or other interest in the Purchased Assets, such entity has consented in accordance with 11 U.S.C. § 363(f)(2), or such entity holds interests that are subject to a bona fide dispute in accordance with 11 U.S.C. § 363(f)(4), or could be compelled in a legal or equitable proceeding to accept money satisfaction of such interest in accordance with 11 U.S.C. § 363(f)(5);

I. Buyer has a lien on the Property that secured its allowed claim in the amount of at least $9,200,000, and Buyer is authorized to offset the amount of $9,200,000 against the purchase price for the Property pursuant to 11 U.S.C. § 363(k);

J. The transfer of the Purchased Assets to the Buyer will be a legal, valid, and effective transfer of the Purchased Assets, and shall vest Buyer with all right, title and interest of the Debtor to the Purchased Assets free and clear of any and all claims, encumbrances and interests; and

K. In the absence of a stay pending appeal, the Buyer will be acting in good faith pursuant to Bankruptcy Code section 363(m) in closing the transactions contemplated by the Sale Contract following entry of this Sale Order, and cause has been shown as to why this Sale Order should not be subject to the stay provided by Bankruptcy Rules 6004(h).

**THEREFORE**, **IT IS HEREBY ORDERED THAT:**

1. The Sale Motion is GRANTED in its entirety;

2. The Sale Contract is APPROVED and the Debtor is authorized to sell substantially all of its assets in accordance with 11 U.S.C. § 363(b) pursuant to the Sale Contract;

3. The purchase price of $12,750,000 is fair and reasonable under the circumstances and the Debtor is authorized to effectuate the transfer of the Purchased Assets to the Buyer pursuant to the Sale Contract. Such transfer shall be, and is hereby deemed to be, a legal, valid, and effective transfer of the Purchased Assets, and vests with the Buyer all right, title, and interest of the Debtor and the Debtor's estate in the Purchased Assets. The Debtor is authorized to execute any and all instruments and other documents necessary or appropriate to effectuate the transfer;

4. Subject to closing of the sale and payment of the Purchase Price, the sale of the Purchased Assets to the Buyer shall be free and clear of any and all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f), including but not limited to the following liens and claims:

   a. Deed of Trust in favor of The Snow Bank, N.A. recorded on May 9, 1990, at Reception No. 386702;

   b. Deed of Trust originally in favor of BREF II, LLC recorded on March 29, 2019, at Reception No. 1194381 and assigned to JGJP Dillon, LLC, on September 15, 2022, at Reception No. 1297151;

   c. Mechanics Lien in favor of Contech Engineered Solutions recorded on June 5, 2020, at Reception No. 1227201;

   d. Mechanics Lien in favor of Maximum Services, Inc. recorded on June 23, 2020, at Reception No. 1228036;

   e. Mechanics Lien in favor of R&H Mechanical recorded on July 14, 2020, at Reception No. 1229421 and Amended on August 3, 2020, at Reception No. 1231120;

   f. Mechanics Lien in favor of ClayDean Electric Company recorded on July 17, 2020, at Reception No. 1229761;

   g. Mechanics Lien in favor of Steamboat Springs WinSupply Co. recorded on August 7, 2020, at Reception No. 1231534;

   h. Mechanics Lien in favor of RMS Concrete, Inc. recorded on August 24, 2020, at Reception No. 1232876;

   i. Mechanics Lien in favor of Barton Materials, LLC recorded on September 14, 2020, at Reception No. 1234887;

   j. Mechanics Liens in favor of Symmetry Builders, Inc. recorded on October 5, 2020, and November 25, 2020 at Reception Nos. 1237215 and 1242704;

   k. Mechanics Lien in favor of Wylaco Supply Company recorded on January 9, 2023, at Reception No. 1303760;

   l. Mechanics Lien in favor of RMD Kwikform recorded on February 23, 2023, at Reception No. 1306137;

m. Deed of Trust in favor of Craig Slawson recorded on February 4, 2021, at Reception No. 1277868;

n. Judgment Lien in favor of ProNet Capital, LLC recorded on April 21, 2022, at Reception No. 1287333;

o. Judgment Lien in favor of John and Melissa Hourigan recorded on February 10, 2023, at Reception No. 1305260;

p. The Form Sales Contract and all Amendments thereto by and between Uptown 240, LLC and Harry and Carol Salzman recorded on April 26, 2022, at Reception No. 1287640; and

q. The terminated "Memorandum of Commercial Building Space and Land Lease with Option to Purchase", recorded with the Summit County Clerk and Recorder on February 13, 2018, at Reception No. 1163243 and the alleged "Reaffirmation of Lease with Option to Buy Agreement" recorded with the Summit County Clerk and Recorder on September 3, 2021, at Reception No. 1268858;

5. The Debtor shall pay the following creditors and/or costs at closing on the sale, subject to any payoff statements provided to the applicable title company prior to closing:

| Creditor/Expense | Amount |
| --- | --- |
| Hilco | $150,000[1] |
| Town of Dillon | $123,000.00 |
| Symmetry Builders, Inc. | $1,199,600.00 |
| Wylaco Supply Company (Payment to be issued to Symmetry to be paid to Wylaco) | $30,000.00 |
| RMS Cranes (Payment to be issued to Symmetry to be paid to RMS Cranes) | $275,000.00 |
| ClayDean Electric (Payment to be issued to Symmetry to be paid to ClayDean) | $25,000.00 |
| Maximum Services, Inc. (Payment to be issued to Symmetry to be paid to Maximum) | $300,000.00 |
| R&H Mechanical (Payment to be issued to Symmetry to be paid to R & H ) | $200,000.00 |
| RMD Kwikform | $150,000.00 |
| RMS Concrete, Inc. | $733,525.00 |

---

[1] Hilco has agreed to a reduced commission in the amount of $150,000 in negotiations with JGJP Dillon, LLC

| Craig Slawson | $0 |
|---|---|
| ProNet | $0 |
| UST Fees | $30,000.00 |
| Property Taxes (Estimate) | $170,000.00 |
| **Total** | **$3,236,125.00** |

6. Funds from the sale in the amount of $75,000 as a carve out for administrative expenses and in the amount of $75,000 as a carve out for unsecured creditors will be held in the trust account for counsel for the Debtor pending the filing and approval of appropriate fee applications, applications for allowance of administrative expense payments, and/or confirmation of a Plan or conversion of the case to a case under Chapter 7 of the Bankruptcy Code;

7. Buyer is authorized to offset $9,200,000 of its lien against the purchase price pursuant to 11 U.S.C. § 363(k);

8. All persons or entities, presently or on or after the Closing Date in possession of any of the Purchased Assets are directed to surrender possession of the Purchased Assets to the Buyer on the Closing Date or at such time thereafter as set forth in the Sale Contract;

9. The Buyer under the Sale Contract is a buyer in good faith and subject to the provisions of 11 U.S.C. § 363(m);

10. The validity of the sale approved hereby shall not be affected by the appointment of a trustee, the dismissal of the above-captioned case, or its conversion to another chapter under the Bankruptcy Code; and

11. Pursuant to Fed. R. Bankr. P. 6004(h), the fourteen (14) day stay is hereby suspended, and this Order is effective immediately.

12. The hearing set for **February 7, 2024**, on the Sale Motion and Objections thereto (Docket Nos. 377 and 378) filed by RMS Concrete, Inc., and CallComm Mining Corp. (which have been resolved or withdrawn) is hereby VACATED.

Dated this 5th day of February, 2024.

BY THE COURT:

*Thomas B. McNamara*
Honorable Thomas B. McNamara
United States Bankruptcy Court